UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY VALDIVIA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　　　　　Defendants. | Case No.:   23-cv-2245-BLM<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING OF FEES OR COSTS AND** *SUA SPONTE* **SCREENING COMPLAINT** |

The instant matter was initiated on December 7, 2023 when Plaintiff filed a complaint seeking review of the Social Security Commissioner's decision to deny Plaintiff's "application for Social Security Disability Insurance benefits under Title II for lack of disability." ECF No. 1 at 1. That same day, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. ECF No. 2.

Having reviewed the complaint and motion, the Court **GRANTS** Plaintiff's motion to proceed in district court without prepaying fees or costs and finds that Plaintiff's complaint is sufficient to survive *sua sponte* screening.

**Application to Proceed in District Court without Prepaying Fees or Costs**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he

is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide for himself and dependents with the necessities of life." Id. at 339. At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $ 120 filing fee out of $ 900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $ 450 and that was more than sufficient to pay the filing fee). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has satisfied her burden of demonstrating that she is entitled to IFP status. According to her affidavit in support of her application, Plaintiff is not employed, has no income, and receives no other benefits. ECF No. 2 at 1-2. Plaintiff has $1,052.90 in two checking

accounts, and $1055.72 in a savings account. Id. at 2. Plaintiff owns a home valued at $345,000, and a vehicle valued at $3,500. Id. at 3. Plaintiff's monthly expenses approximately include $1,397.15 for a home mortgage payment, $425 for utilities, $50 for home maintenance, $20 for laundry and dry-cleaning, $250 for food, $75 for transportation, and $25 for recreational expenses. Id. at 4. Plaintiff owes $70 on a credit card. Id. Plaintiff does not have any dependents or a spouse who rely on her for support and no one owes her money. Id. at 3. Plaintiff does not expect any major changes to her monthly income, expenses, assets, or liabilities over the next twelve months. Id. at 5. While Plaintiff has money in bank accounts, one month of expenses will deplete those accounts and she has no income. Based on the foregoing, the Court finds that Plaintiff has established that she is unable to pay the $405 filing fee without impairing her ability to pay for life's necessities. See Adkins, 335 U.S. at 339-40. Accordingly, the Court **GRANTS** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) and § 1915(a)

Complaints filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) are subject to a mandatory *sua sponte* screening by the Court. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Alamar v. Social Security, 2019 WL1258846, at *3 (S.D. Cal. Mar. 19, 2019). A complaint should be dismissed *sua sponte* if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2); Lopez, 203 F.3d at 1126–27.

To survive, all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Furthermore, "recitals of elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Instead, the plaintiff must state a claim that is plausible on its face, meaning the pleaded "factual content [] allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." Id. at 678 (2009) (quoting Twombly, 550 U.S. at 556, 570)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.  Social security appeals are not exempt from the general screening requirements for IFP cases proceeding under § 1915(e). Montoya v. Colvin, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing Hoagland v. Astrue, 2012 WL 2521753, *1 (E.D. Cal. June 28, 2012)).

In the context of a social security appeal, courts within the Ninth District have established four elements necessary for a complaint to survive a *sua sponte* screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

Skylar v. Saul, 2019 WL 4039650, *1 (S.D. Cal. Aug. 27, 2019) (quoting Montoya, 2016 WL 890922 at *2). With regard to element four, a complaint is insufficient if it merely states that the Commissioner was wrong in denying a plaintiff benefits. See id.; see also Hoagland, 2012 WL 2521753 at *3 ("Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong.  The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong."). Instead, the "complaint . . . must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." Id. at *2.

After reviewing the complaint, the Court finds that Plaintiff has established the four elements necessary for a complaint to survive *sua sponte* screening.  Plaintiff stated that she resides in Calexico, California and received a final decision from the Social Security Appeals Council on November 5, 2023.  ECF No. 1 at 2, 3. Plaintiff also states that she has "carpal tunnel

syndrome, fibromyalgia, osteoarthritis, depression, [and] anxiety" and she became disabled on November 22, 2017.  Id. at 2.  Plaintiff clearly states her disagreement with the determination made by the Social Security Administration by alleging that (1) "[t]he RFC specifically prohibits production rate pace, however, the ALJ found that Plaintiff can perform the job of assembler, which the DOT indicates is performed on an assembly line"; and (2) "[t]he ALJ found Dr. Kramer's opinion persuasive that Plaintiff 'would have difficulty concentrating persisting her work at the moderate to severe level' and '[h]er ability to interact with others and finish tasks would be quite compromised,' however, did not incorporate any limitations to account for Plaintiff's persistent limitations. Whether Plaintiff can complete tasks is central to the question of whether she can maintain work activity."  Id. at 2.

## CONCLUSION

Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is **GRANTED** and finds that Plaintiff's complaint is sufficient to survive *sua sponte* screening.

**IT IS SO ORDERED**.

Dated:  12/14/2023

Hon. Barbara L. Major
United States Magistrate Judge